**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

MICAH ZIMMERMAN,                                  :
                                                  :
     Plaintiff,                                  :
                                                  :
v.                                                :       Civil Action No.:
                                                  :
DEVIN TRYAN LLC, D/B/A PINEAPPLE                  :
HOMES TEAM OF EXP REALTY, and                    :
DEVIN TRYAN,                                      :
                                                  :
     Defendants.                                :
                                                  :

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Micah Zimmerman ("Zimmerman" or "Plaintiff"), brings this complaint in the

United States District Court for the District of North Dakota against DEVIN TRYAN LLC

D/B/A PINEAPPLE HOMES TEAM OF EXP REALTY ("Tryan LLC"), and DEVIN TRYAN

("Devin") (together "Defendants"), alleging as follows:

### THE PARTIES

1. Zimmerman is a commercial photographer and videographer. Zimmerman is the founder

and owner of Amdak Productions, LLC, a creative service company based in Fargo, North

Dakota, which provides photography, videography, drone, and Matterport services to clients

across the country. Zimmerman resides in South Fargo, North Dakota.

2. Tryan LLC is a Limited Liability Company organized and existing under the laws of the

State of Hawaii with its principal place of business located in Honolulu, Hawaii. Tryan LLC's

agent for service of process is Devin Tryan and may be served at the following address: 2664

East Manoa Road, Honolulu, Hawaii 96822.

3. Devin is an individual and owner of Tryan LLC. Devin resides in Honolulu, Hawaii and may be served at the following address: 2664 East Manoa Road, Honolulu, Hawaii 96822.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because Defendants have maintained sufficient minimum contacts with the State of North Dakota and as a result the exercise of personal jurisdiction over Defendants by this Court would not offend traditional notices of fair play and substantial justice.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

## FACTS

**I.    The Photographs at Issue in this Lawsuit**

7. On September 29-30, 2021, Zimmerman captured the photographs, "14388 45th st nw alexander-3," "14388 45th st nw alexander-4," "14388 45th st nw alexander-5," "14388 45th st nw alexander-32," "14388 45th st nw alexander-33," "14388 45th st nw alexander-46," "14388 45th st nw alexander-48," "14388 45th st nw alexander-51," "14388 45th st nw alexander-52," "14388 45th st nw alexander-59," "14388 45th st nw alexander-70," "14388 45th st nw alexander-71," "14388 45th st nw alexander-78," "14388 45th st nw alexander-81," "14388 45th st nw alexander-82," "14388 45th st nw alexander-83," "14388 45th st nw alexander-90," "14388 45th st nw alexander-92," "14388 45th st nw alexander-96," "14388 45th st nw

alexander-98," "14388 45th st nw alexander-104," "14388 45th st nw alexander-105," "14388 45th st nw alexander-112," "14388 45th st nw alexander-114," "14388 45th st nw alexander-115," "14388 45th st nw alexander-124," "14388 45th st nw alexander-126," and "14388 45th st nw alexander-131," ("Copyrighted Photographs") copies of which are exhibited below:



















































8.  On November 15, 2022, Zimmerman registered Copyrighted Photographs with the United States Copyright Office (Registration No.: VA 2-380-537).

9.  For all times relevant to this action, Zimmerman has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photographs. As such, Zimmerman is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II.    Defendant's Unlawful Activities

10. Defendants are solely responsible for the content posted to their social media feeds, including Instagram, www.instagram.com/devintryan, YouTube, www.youtube.com/@DevinTryanHi, and TikTok, www.tiktok.com/@devintryan.

11. On December 30, 2022, Defendants copied and posted Copyrighted Photographs to their Instagram feed, www.instagram.com/devintryan:









More posts from **devintryan**



devintryan · Follow
Original audio

devintryan 71w
This is the most expensive house in all of North Dakota #northdakota

noah_xsmithx_ 66w
It was on 1800 acres
Reply

lily_tremble 70w
You should do RI I'm betting it's one of the Newport mansions
Reply

View all 1 replies

anthony_breitbach5 71w
Finally I've been waiting for this day
1 like   Reply

236 likes
December 30, 2022

Add a comment...

More posts from **devintryan**















More posts from **devintryan**





https://www.instagram.com/reel/CmzhpTyjNTu/

YES.

**devintryan** · Follow
Original audio

**devintryan** 71w
This is the most expensive house in all
of North Dakota #northdakota

**noah_xsmithx_** 66w
It was on 1800 acres

Reply

**lily_tremble** 70w
You should do RI I'm betting it's one
of the Newport mansions

Reply

View all 1 replies

**anthony_breitbach5** 71w
Finally I've been waiting for this day

1 like   Reply

**236 likes**
December 30, 2022

Add a comment...



More posts from **devintryan**







More posts from **devintryan**





More posts from **devintryan**



12. On December 30, 2022, Defendants copied and posted Copyrighted Photographs to their YouTube Channel, www.youtube.com/watch?v=z5SvM1G3mc4:



13.

14.











15.    On December 22, 2022, Devin copied and posted Copyrighted Photographs to their

TikTok feed, www.tiktok.com/@devintryan:



16.    Defendants are not and have never been licensed to use or display Copyrighted

Photographs. Defendants never contacted Plaintiff to seek permission to use Copyrighted

Photographs in connection with its website or for any other purpose.

17. Upon information and belief, Defendants located copies of Copyrighted Photographs on

the internet and, rather than contact Plaintiff to secure licenses, simply copied Copyrighted

Photographs for its own commercial use.

18. Plaintiff first discovered Defendants' unauthorized use/display of Copyrighted Photographs on July 28, 2023. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

## COUNT I: COPYRIGHT INFRINGEMENT

19. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

20. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

21. Zimmerman owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photographs with the Register of Copyrights.

22. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

23. Defendants reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

24. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for its own commercial purposes.

25. Defendants' infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

26. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

27. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

28. Alternatively, to the extent infringement by Defendants of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

29. To the extent infringement by Defendants of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A declaration Defendants have infringed Plaintiff's copyrights in Copyrighted Photographs;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: July 10, 2026

**Deal Copyright Law, P.L.C.**

*/s/ David C. Deal*
David C. Deal (VA Bar No.: 86005)
P.O. Box 625
Charlottesville, VA 22902
(434) 261-2704, Telephone
david@dealcopyrightlaw.com
*Counsel for Plaintiff*